IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************

**UNITED STATES OF AMERICA**          Criminal No.:  5:16-cr-00264 (DNH)

v.

**CHRISTOPHER M. SWARTZ,**

**Defendant.**

*******************************

**THE GOVERNMENT'S MOTION TO WITHDRAW
ITS MOTION TO DISMISS CONCERNING ORIENTA'S PETITION**

**INTRODUCTION**

The United States of America, by and through the undersigned attorneys, submits this reply memorandum concerning its motion to dismiss, and moves to withdraw said motion as it pertains to Orienta without prejudice.  Orienta, in its opposition to the Government's motion to dismiss, highlights certain issues necessitating further factual development through discovery, and adjudication thereafter, rendering judicial disposition at the front end unavailable.

To prevail on its forfeiture claim in the ancillary proceeding, Orienta must establish either (1) that he had a legal right, title or interest in the forfeited property that was superior to the defendant's interest at the time the property became subject to forfeiture, or (2) that he acquired the property after it became subject to forfeiture as a bona fide purchaser for value who was without reason to know that the property was subject to forfeiture.  21 U.S.C. § 853(n)(6)(A) and (B); *Pacheco v. Serendensky,* 393 F.3d 348, 353 (2d Cir. 2004); *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991)(853(n) provides relieve to two narrow classes).

1

Orienta claims that it will prevail on both prongs.  First, it asserts that it has superior vested title because the Government's claim did not vest until 2011 given the substantive wire counts to which defendant pleaded guilty.   It further asserts that its own claim vested in 2009, even though it purchased its interest in May 2012, because Orienta "stands in the shoes" of the HCG Investors, who acquired their interest in 2009, by virtue of the 2012 deal documents.

Given the Government's withdrawal of its motion to dismiss, the Court need not reach this issue at this juncture.  However, Orienta is incorrect.  The Government's interest vested as early as 2005 when the acts giving rise to forfeiture began as set forth in the criminal Information, namely, the wire fraud scheme to defraud investors and creditors, stipulated to by the defendant.  For purposes of forfeiture, it does not matter that Swartz pled guilty to a few substantive 2011 wires: the acts that generated the proceeds that is now the subject of forfeiture occurred at least as early as 2005 with the beginning of his wire fraud scheme as set forth in the Information and his guilty plea.  *See United States v. Venturella*, 585 F.3d 1013, 1015, 1016-17 (7th Cir. 2009) (forfeiture in a mail fraud case "is not limited to the amount of the particular mailing but extends to the entire scheme;" defendant's guilty plea to one substantive count involving $477 rendered her liable for money judgment of $114,000); *United States v. Clark*, 165 F. Supp. 3d 1215, 1218-19 (S.D. Fla. 2016) (in an ongoing massive investment fraud scheme, district court imposed the total amount generated from the entire scheme as money judgment forfeitures on each of the three substantive counts of 18 U.S.C. § 1344, bank fraud, of which defendant was convicted); *United States v. Sigillito*, 899 F. Supp.2d 850, 861-62 (E.D. Mo. 2012) (same; defendant must forfeit the proceeds of the entire scheme, even if some of the proceeds were realized outside of the 5-year statute of limitations); *United States v. Boesen*, 473 F. Supp. 2d 932, 952 (S.D. Iowa 2007) (in a fraud case, forfeiture is imposed because the defendant has been convicted of perpetrating a

scheme; it does not matter how many executions of that scheme were alleged in the indictment; hence a defendant convicted of 82 substantive counts of health care fraud must forfeit the proceeds of the entire scheme, not just the proceeds involved in the 82 counts on which he was convicted); *United States v. Yass*, 636 F. Supp. 2d 1177, 1185 (D. Kan. 2009) (following *Boesen*; defendant convicted of mail fraud is liable to forfeit the proceeds of the entire scheme, not just the proceeds linked to the six executions of the scheme alleged as substantive counts); *United States v. Hailey*, 887 F. Supp. 2d 649 (D. Md. 2012) (although only $2.9 million was obtained from the 8 substantive counts on which defendant was convicted, he was required to forfeit the $9.1 million obtained from the entire scheme); accord United States v. Jafari, 2016 WL 5340280 (2d Cir. Sept. 22, 2016) (in healthcare fraud prosecution pursuant to 18 U.S.C. § 1347, defendant was correctly assessed the proceeds of billings not directly charged in the indictment, or contained in counts on which she was acquitted where government established underlying criminal conduct by preponderance of the evidence); *United States v. Capoccia*, 503 F.3d 103, 117 (2d Cir. 2007) (holding that because defendant was convicted of an ITSP offense—an offense that involves only discrete acts—the forfeiture had to be limited to the proceeds of the acts alleged in the indictment, but stating in *dicta* that if a defendant were convicted of mail or wire fraud, or any other offense of which a scheme is an element, he would be liable for the proceeds of the entire scheme, citing *Boesen*).[1]

As for the second prong, whether Orienta is entitled to claim status as a bona fide purchaser for value, the Government agrees at this point that the factual record needs to be developed further. While the Court does have discretion, at this juncture, to consider evidence and materials outside Orienta's petition and pleadings, *see* Fed. Civ. Proc. R. 12(d), further factual development and

---

[1] As noted in our sentencing submissions, the wire fraud scheme as defined in the Information actually began earlier than 2005, namely, as early as 2002.

adjudication will be necessary on several points. First, Orienta raises issues of law and fact concerning whether it permitted and/or authorized the transfer of the forfeiture Asset in February 2015 from Jreck Franchising Company LLC to Jreck Franchising, Inc., which both parties agree was part of a fraudulent attempted public offering of securities by Swartz in 2015, and the effect of such transfer on its security agreements.[2]

Second, factual issues also exist as to whether, at the time of its initial purchase in May 2012, Orienta had reason to know of Swartz's fraud and potential forfeiture. On information and belief, Individual WR, an attorney, may have known of Swartz's fraud and potential forfeiture, solicited Individual ESO on behalf of Swartz to provide funds by misleading Individual ESO, and formed Orienta, with himself and ESO as the principals, as an instrumentality to fund the loan all in an effort to continue Swartz's fraud scheme. The extent of Orienta's and Individual WR's knowledge of, if not participation in, Swartz's fraud scheme, and Individual WR's formation of Orienta for such purposes, will need to be examined during discovery.

Finally, other factual issues related to the formation of Orienta and the funds it extended to Swartz needs to be further examined during discovery, including, but not limited to, the operations and management of Orienta, the creation and modification of loan and security agreements

---

[2] The Government is compelled to respond to Orienta's commentary in a footnote suggesting some nefarious intent behind the U.S. Marshal Service's updating of the Jreck trademark, with the U.S. Patent and Tradmark Office, in January 2018. The updated registration stated that the marks were held by Focus Franchising, Inc. Such registration was predicated on documentary evidence indicating that Focus Acquisitions, with the aid and assistance of one of Orienta's principal's, moved the marks from Focus Franchising Company LLC (Delaware) to Focus Franchising Inc. (Florida) in February 2015. FA-000711. Further SEC filings showed the same. FA-000618 (shareholder contribution agreement, signed by Individual WR, showing that Focus Franchising Inc. owned the Jreck brand and trademarks). Defendant Swartz's counsel also made representations that Focus Franchising, Inc. was the franchising company at the time of his conviction.

between Orienta and the Jreck entities, repayments of the loan, Orienta's involvement in the fraudulent public offering of Jreck-related securities, the extent of both Orienta principals' knowledge of such offering.

Accordingly, for the foregoing reasons, the Government moves to withdraw its motion to dismiss as it pertains to Orienta, and further moves for an order of discovery.

Date:   March 16, 2018                    Respectfully submitted,

                                          GRANT C. JAQUITH
                                          Acting United States Attorney

                                By:       */s/Tamara Thomson*
                                          TAMARA THOMSON
                                          Assistant U.S. Attorney
                                          Bar Roll No.: 515310


                                By:       */s/John N. Kane Jr.*
                                          JOHN N. KANE, JR.
                                          Assistant Chief
                                          United States Department of Justice
                                          Tax Division, Northern Criminal Enforcement
                                          Bar Roll No.:  515130