THE LAW OFFICES OF

# STEVEN L. KESSLER

November 25, 2019

**VIA ECF**
Honorable David N. Hurd
United States District Court
Northern District of New York
Alexander Purnie Federal Building & U.S. Courthouse
10 Broad St.
Utica, New York 13501

Re:    ***United States v. Swartz***
          **5:16-CR-264 (DNH)**
          **Northern District of New York**

Dear Judge Hurd:

This office represents Tricia Patterson Swartz, the former spouse of defendant Christopher Swartz and a fifty percent (50%) beneficiary of the Claimant/Creditor Swartz Family Trust ("the Trust"). We submit this letter motion to the Court to request relief on behalf of the Trust from the Court's Decision and Order, filed August 9, 2019, granting the government's motion for an interlocutory public sale ("the Interlocutory Sale") of Jreck Subs ("the Asset"), scheduled for November 27, 2019. *See United States v. Swartz*, 391 F. Supp. 3d 199 (N.D.N.Y. 2019) ("the Decision").

The Decision rejected the Trust's ancillary claim to the Asset on a number of procedural and substantive grounds. While there may have been certain irregularities in the prior submissions on behalf of the Trust, it appears that, substantively, the Trust has set forth a factual and legal basis for asserting a superior right, title and interest in the Asset pursuant to 21 U.S.C. § 853(n)(6)(A).

The critical finding in the Decision regarding the Trust is that "[b]y the time the Swartz Family Trust obtained its alleged interest in the Asset *for the first time in December 2005* as part of defendant's sham transaction with Grace Ventures, defendant's wire fraud scheme was already well underway." Decision, 391 F. Supp. 2d at 212 (emphasis added).

The Decision found that "various admissions" of the defendant established that the defendant's criminal scheme began in 2002, three years before the Trust allegedly obtained its

interest in the Asset "for the first time." *Id.* at 212-13.

This conclusion is at odds with the evidentiary material submitted by counsel for the Trust on June 22, 2018.  That submission, titled "Swartz Family Trust's Opposition to Government's Omnibus Motion to Dismiss" (ECF # 168), established, with admissible evidence, including the Trust itself, related documentation and an Affidavit from the attorney who prepared the Trust documents, that the Trust acquired its interest in the Asset on or about January 15, 1999 ("the Trust's Submission").  For the Court's convenience, the Trust's Submission is attached.

That date, of course, is three years *before* the earliest alleged criminal activity of the defendant.  Thus, at least with respect to Ms. Swartz's fifty percent beneficial interest in the Trust, the Trust's Submission established "a legal right, title, or interest in the" Asset that "was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the" Asset.  21 U.S.C. § 853(n)(6)(A).

As the owner of a cognizable legal right, title or interest in the Asset, the Trust demonstrated a sufficient interest to defeat a motion to dismiss and compel the litigation of its ancillary claim on the merits.  Further, as the owner of such a legal interest, the Trust has standing to object to the sale of its Asset on the ground that it is not in the best interests of the innocent beneficiary of the Trust.

There is nothing in the Decision to suggest that the Court considered the Trust's Submission prior to dismissing its ancillary claim, as there is no reference to the Trust's Submission or any of the evidentiary support submitted therewith.  Yet it would appear that this evidentiary material directly contradicts the Court's conclusion that the Trust first acquired its interest in the Asset in 2005.

Accordingly, we respectfully request that, at the very least, the Interlocutory Sale should be delayed until the Court considers the material in the Trust's Submission and issues an opinion that considers the Trust's Submission and its potential effect on the Court's granting of the government's motion to dismiss and ordering the Interlocutory Sale.

<u>Ms. Swartz's Employment Rights</u>: In addition to her standing as a fifty percent beneficiary of the Trust, Ms. Swartz has standing to object to the Interlocutory Sale as a former employee of the Asset company.  Ms. Swartz had a legitimate job and performed valuable duties for the benefit of the Asset company.  Further, she had a legally binding and enforceable employment contract.  That contract was breached when her employment was terminated by an agent appointed by the U.S. Marshals Service to operate the Asset company during the pendency of these proceedings. The sums owed to Ms. Swartz pursuant to her contract of employment

**Hon. David N. Hurd**
*page  – 3 –*
**November 25, 2019**

constitute a company liability which must be satisfied before any sale can be consummated.  The Interlocutory Sale was directed in derogation of Ms. Swartz's rights and thus should be stayed on this ground as well.

Thank you.

Respectfully submitted,

*Steven L. Kessler*

Steven L. Kessler
Bar Roll No. 301498

LAW OFFICES OF STEVEN L. KESSLER
*Attorneys for Claimant Tricia Swartz*
747 Third Avenue – 20th Floor
New York, N.Y. 10017-2803
212-661-1500
212-758-2809 (facsimile)
kessleronforfeiture@msn.com

SLK:rmaf
cc: Counsel of Record *(by ECF)*