UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       -v-                                 5:16-CR-264

CHRISTOPHER M. SWARTZ,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

HON. GRANT C. JAQUITH                      TAMARA THOMSON, ESQ.
United States Attorney for the            Ass't United States Attorney
   Northern District of New York
100 South Clinton Street, P.O. Box 7198
Syracuse, NY 13261

UNITED STATES DEPARTMENT                   JOHN N. KANE, JR., ESQ.
   OF JUSTICE - TAX DIVISION
Northern Criminal Enforcement Section
601 D Street NW, Room 7122
Washington, DC 20530

AKERMAN LLP                                SCOTT M. KESSLER, ESQ.
Attorneys for Claimant Orienta
   Investors, LLC
666 Fifth Avenue, 20th Floor
New York, NY 10103

LAW OFFICES OF STEVEN L. KESSLER           STEVEN L. KESSLER, ESQ.
Attorneys for Claimant Tricia Swartz
747 Third Avenue, 20th Floor
New York, NY 10017

DAVID N. HURD
United States District Judge

### ORDER ON TRICIA SWARTZ'S LETTER REQUEST

On August 9, 2019, the Court issued a Memorandum–Decision & Order that, *inter alia*, dismissed certain third-party petitions filed by claimants asserting an interest in Jreck Subs and granted a request by the United States of America (the "Government") for approval to conduct an interlocutory sale of the Asset.[1]  *United States v. Swartz*, 391 F. Supp. 3d 199 (N.D.N.Y. 2019).

As relevant here, the August 9 MDO granted the Government's motion to dismiss a third-party petition filed by the Swartz Family Trust (the "Trust").[2]  *Swartz*, 391 F. Supp. 3d at 211-13.  In dismissing the Trust's petition, the Court concluded that it was untimely, but that even assuming otherwise, it would still fail on the merits for a variety of procedural and substantive reasons.  *Id*.

Thereafter, the Court approved the Government's proposed plan to market, sell, and dispose of Jreck Subs.  Dkt. No. 203.  Since that time, the Court has entertained a series of requests filed by Orienta Investors, LLC ("Orienta"), the sole remaining claimant in this ancillary proceeding.  *See, e.g.*, Dkt. Nos. 204, 207, 214, 215.

At the joint request of Orienta and the Government, the Court barred certain departing franchisees from participating in the bidding process.  Dkt. No. 217.  And at the request of the Government, the Court issued an order clarifying that Orienta has no claim of authority or

---

[1]  "Jreck Subs" or the "Asset" are shorthand terms for "any and all interests" defendant Christopher Swartz held in "the franchisor corporate business doing business as Jreck Subs in Watertown, New York," including the "franchise rights, trademarks, and other brand-related intellectual property."

[2]  The Trust actually filed two different third-party petitions and a motion for relief under Fed. R. Civ. P. 60(b)(1) and (6).  *Swartz*, 391 F. Supp. 3d at 211.

control over the Asset but must satisfy its ancillary claim, if and when it proves successful, solely from the proceeds of the substitute *res* generated by the sale.  Dkt. No. 219.

On November 25, 2019, Steven L. Kessler entered an appearance in this action on behalf of Tricia Swartz, defendant's former spouse.  Dkt. No. 221.  According to that filing, Ms. Swartz purports to be a fifty percent beneficiary of the Swartz Family Trust, the third-party claimant previously dismissed from this action by the August 9 MDO.  *Id*.; *see also Swartz*, 391 F. Supp. 3d at 211-13.

Ms. Swartz has filed a letter motion requesting, "on behalf of the Trust," that the sale of Jreck Subs be delayed.  Dkt. No. 222.  In that filing, Ms. Swartz asserts various reasons why the Trust has a valid claim to the Asset that should first be adjudicated in an appropriate ancillary proceeding.  Dkt. No. 222.  Alternatively, Ms. Swartz asserts that she herself has a valid claim to the Asset, allegedly arising from an employment contract she entered into with the franchise at some point in the past.  *Id*.

On November 26, 2019, the Court directed the Government to respond to Ms. Swartz's filing.  Dkt. No. 223.  The Government timely complied.  Dkt. No. 224.  In its responsive submission, the Government indicates that the United States Marshals Service ("USMS") has already auctioned off the Asset and has been working toward closing the sale by December 10.  *Id*.  Even so, the Government represents that it will take no further action to consummate the sale until the Court rules on Ms. Swartz's request.  *Id*.

The Government's filing then urges the Court to deny Ms. Swartz's request in all respects.  Dkt. No. 224.  As the Government points out, the trustee of the Swartz Family Trust already appeared in this proceeding, asserted a third-party claim, and opposed the interlocutory sale.  *Id*.; *see also Swartz*, 391 F. Supp. 3d at 211-13.  And as the Government

cogently explains, the Court already rejected the trustee's various arguments and dismissed the Trust's petition.  *Swartz*, 391 F. Supp. 3d at 211-13.  According to the Government, Ms. Swartz's filing fails to offer any meaningful justification for delaying the sale, especially in light of the substantial prejudice it would cause to the Government and to the winning bidder.  Dkt. No. 224.

The Court agrees.  A review of Ms. Swartz's filing confirms that, at best, it is an attempt at an end-run around the earlier dismissal of the Trust's petition and, at worst, a brazen attempt to interfere with the pending sale.  Ms. Swartz contends that, if the Court would just overlook the various defects with the Trust's petition identified in the August 9 MDO and dig into the evidentiary material buried in those filings, the Court would find a disputed issue of fact concerning the date on which the Trust first acquired its alleged interest in the Asset.  Dkt. No. 222.

But 21 U.S.C. § 853(n) sets forth strict pleading requirements that must be met before a claimant may pursue an alleged interest in forfeitable property.  *Swartz*, 391 F. Supp. 3d at 213; *accord United States v. Burge*, 829 F. Supp. 2d 664 (C.D. Ill. 2011) ("Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings.").

The representative of the Swartz Family Trust failed to comply with these requirements and as a result the August 9 MDO dismissed the Trust's petition.  *Swartz*, 391 F. Supp. 3d at 211-13.  Ms. Swartz concedes as much.  *See* Dkt. No. 222 (acknowledging "certain irregularities in the prior submissions on behalf of the Trust").

To the extent that Ms. Swartz's November 25 filing might be construed as a belated request for some form of relief from the August 9 dismissal of the Trust's § 853(n) petition,

the Government is absolutely correct to argue that the "facts in this case demand a timelier filing" than the eleventh-hour submission under consideration here.

Alternatively, to the extent that Ms. Swartz's November 25 filing might be construed as a newly filed § 853(n) petition, either on behalf of herself (as an alleged employee) or on behalf of the Trust (as an alleged beneficiary), it must be dismissed as untimely and defective. *See* 21 U.S.C. § 853(n)(2)–(3).

Accordingly, for these reasons and for the reasons stated by the Government, Ms. Swartz's letter motion will be denied in all respects.

Therefore, it is

ORDERED that

1. Tricia Swartz's letter motion requesting a delay in the sale is DENIED;

2. The Swartz Family Trust remains DISMISSED as a claimant for the reasons stated in the August 9 MDO;

3. Tricia Swartz is DISMISSED as a claimant in this action; and

4. The winning bidder in the USMS Auction of the Asset will receive clear title unencumbered by the claims of any other party.

IT IS SO ORDERED.


Dated:  December 5, 2019
         Utica, New York.

_____
United States District Judge