

Scott M. Kessler

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

D: 212 880 3874
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6411
Scott.Kessler@akerman.com

September 18, 2020

**VIA ECF**

Honorable David N. Hurd, U.S.D.J.
United States District Court
Northern District of New York
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, New York 13501

      Re:    *In re: United States of America v. Christopher Swartz*
               Case No. 5-16-CR-0264 (DNH)

Dear Judge Hurd:

      We write on behalf of Claimant Orienta Investors, LLC ("Orienta") to respectfully request leave to file a sur-reply responding to arguments raised in the Government's reply (Dkt. No. 255, Reply), but that were not initially raised in its second motion to dismiss. Orienta has good cause to submit a sur-reply, or alternatively, for the Court to ignore the Government's newly asserted arguments. *Gonzales v. Agway Energy Servs., LLC*, No. 518CV235MADATB, 2019 WL 910669, at *2 (N.D.N.Y. Feb. 25, 2019) ("The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs need not be considered."); *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 496 (N.D.N.Y. 2017) (Hurd, J.) ("Because it was raised for the first time in reply, it will not be considered here.").

      Specifically, the Government raises for the first time that Orienta must comply with a "heightened pleading standard." (*Id.* at 10-14 (claiming that "heightened pleading standards apply").) In its initial moving brief, the Government cited to Second Circuit case law supporting Orienta's view that the pleading standard is no different than the *Twombly/Iqbal* standard normally applied to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 248, Gov't's Second Mot. to Dismiss at 16 ("A motion to dismiss a third-party petition in a forfeiture proceeding . . . ***is treated like a motion to dismiss . . . under Federal Rule of Civil Procedure 12(b)***." (emphasis added)).) The Government's new argument attempts to distract the Court from the numerous allegations and evidence attached to Orienta's opposition, including the pleadings themselves and the supplemental appendix (Dkt. Nos. 43 and 113) not just alleging, but showing, that: (1) "***was a bona fide purchaser for value of the property and 'was at the time of the purchase without cause to believe that the property was subject to forfeiture***'"; and (2) Orienta had an interest in the Asset that was superior to Defendant

Honorable David N. Hurd, U.S.D.J.
September 18, 2020
Page 2

Christopher Swartz's interest. *United States v. Chowaiki*, 369 F. Supp. 3d 565, 572 (S.D.N.Y. 2019) (quoting 21 U.S.C. § 853(n)(6)(A), (B)) (emphasis added).

Allegations alone are what matter on a motion to dismiss. The Government cannot retreat from the *Twombly/Iqbal* standard defended in its motion to a new standard that requires the Court to go beyond the pleadings (without affording Orienta discovery) and ignore clear allegations and evidence asserting and demonstrating that Orienta was a bona fide purchaser ("BFP") and superior interest holder pursuant to 21 U.S.C. § 853(n)(6)(A)-(B). *See United States v. Daugerdas*, 892 F.3d 545, 552 (2d Cir. 2018) ("[A] § 853(n) petition is evaluated on the same standard as a civil complaint on a motion under Rule 12(b)(6)). The Government's newly raised arguments now ask the Court to ignore the allegations and instead decide Orienta's petition based on "7,000 pages" of documents filed at sentencing or other materials outside of Orienta's petition. (Dkt. No. 255, Reply at 2-9, 23-24.)

The Government's argument is a misstatement of the law and confuses the pleading stage with the hearing stage. The cases cited above clearly rebut any notion that the "relation-back" doctrine of forfeiture law allows the Court, on a motion to dismiss in a criminal forfeiture proceeding, to consider 7,000 pages of Government documents that are untested by discovery or contrary evidence. The Government's cited authority, 21 U.S.C. § 853(n)(5), (Dkt. No. 255, Reply at 5), stands for the unremarkable proposition that the Court can consider portions of the criminal record in forfeiture proceedings, but at a "***hearing***," where "***the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing***." The hearing stage has not yet arrived; this case is at the pleading stage because the Government has refused to engage in any meaningful discovery, and Orienta's allegations control. The Government's argument regarding "relation-back" reveals further confusion. (*Id*.) Orienta is not challenging the predicate finding that the ***Government's** interest in the Asset is superior to **Christopher Swartz's** interest*, Orienta is instead claiming that ***Orienta's** interest is superior to **Swartz's** interest (and consequently, the Government's interest)*. Orienta pleads its superior interest and BFP status as matters of fact, not conclusion, and provides more than enough factual content and evidence to support these allegations. Discovery and evidence outside the petition, including evidence that is not in the record, will provide further detail and nuance regarding Orienta's claims. In the end, however, the allegations state that Orienta's claim is superior to the Government's and they set forth more than enough facts to support a BFP claim. (*See* Dkt. No. 43, Petition at 3, 8-9, 12-13; Dkt. Nos. 43-1 - 43-14; Dkt. Nos. 113-1 - 113-35.) This is enough to defeat a motion to dismiss. *See Daugerdas*, 892 F.3d at 552.

The Government's reply also attempts to distract the Court with other new arguments:

1) the Government's claim that "upon further consideration, reflection and review of Orienta's claim, and the relevant admissions, facts, and law, the Government recognized that there were arguments that should be raised in a motion to dismiss." (Dkt. 255, Gov't's Reply at 20.) This is a newly raised argument and false. No facts related to Orienta's claims have changed in a way that would permit the Government to credibly and suddenly arrive at a conclusion that contradicts its repeated representations that Orienta sufficiently alleges its BFP status, causing the Government to withdraw its first motion to dismiss against

Honorable David N. Hurd, U.S.D.J.
September 18, 2020
Page 3

      Orienta, and proclaiming that discovery is needed to resolve Orienta's claim. The only thing that has changed is that the Government accomplished a sale of the Asset and Orienta wants to pursue discovery, which is what led to the Government's reversal.

2) the Government's claim that "Orienta is arguing that it is prejudiced by the Government's failure to recognize sooner the implications of Orienta's tactical decision in not pleading that it was a [BFP] for value reasonably without cause to know the asset was subject to forfeiture, thereby allowing it to stay in the case, enduring legal fees, when it could have been kicked out earlier to the benefit of all." (*Id.* at 22.) This is a new argument and false. Orienta is arguing that it has always pleaded it was a BFP, the Government recognized this inescapable fact, acknowledged these allegations before this Court, persuaded the Court of this fact as part of its motion seeking to sell the Asset, and then Orienta was prejudiced by ***Court orders granting relief to the Government based on these allegations and facts***. The order granting an interlocutory sale prejudiced Orienta's position as a secured creditor, equity owner, and BFP of the Asset. Contrary to the Government's assertions, (Dkt. No. 255, Reply at 22), arguments in favor of a sale would not work "equally well" or at all at a hearing or at summary judgment where the need for an emergency sale does not exist. In any event, the Government does not respond to Orienta's case law on waiver and estoppel, (*see* Dkt. 253 at 23-24), and therefore does not challenge those arguments.

3) the Government's claim that it has not refused to provide discovery, but rather agreed to provide discovery subject to the Court's ruling after resolving its second motion to dismiss. What the Government describes is plainly a refusal to provide discovery. This is not how discovery works under the Rules of Civil Procedure or any rules of procedure, which require parties resisting discovery to move for a protective order and justify any refusal to produce responsive, non-privileged documents. *See* FED. R. CIV. P. 26(c)(1).

    Orienta, therefore, respectfully asks for leave to file, within ten (10) business days, given the impending Jewish holidays, a short sur-reply not to exceed ten (10) pages so that it can fully respond to arguments improperly raised by the Government for the first time on reply. Alternatively, the Court should ignore any arguments raised for the first time on reply.

    We appreciate the Court's consideration of these issues.

                                                 Respectfully submitted,

                                                 /s/ *Scott M. Kessler*
                                                 Scott M. Kessler

cc: Counsel of Record