UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No.:  5:16-cr-00264 (DNH) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHRISTOPHER M. SWARTZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CLAIMANT ORIENTA INVESTORS, LLC'S REPLY TO RESPONSE TO MOTION TO ALTER OR AMEND AND TO RECONSIDER ORDER GRANTING GOVERNMENT'S SECOND MOTION TO DISMISS AND <u>DISMISSING CLAIMANT'S CLAIM PETITION WITH PREJUDICE</u>**

**TABLE OF CONTENTS**

**Page**

I. CLEAR ERROR TO DISMISS BONA FIDE PURCHASER FOR VALUE CLAIM ................................................................................................................ 2

    A. No Heightened Pleading Standard Under Controlling Law ................................. 2

    B. Orienta's Petition Meets the Liberal Pleading Standard. ....................................... 3

II. THE COURT CLEARLY ERRED IN ALLOWING THE GOVERNMENT TO ARGUE ORIENTA DID NOT STATE A CLAIM FOR BONA FIDE PURCHASER. ............................................................................................................ 5

III. THE COURT CLEARLY ERRED IN DISMISSING ORIENTA'S PETITION WITH PREJUDICE ............................................................................................... 6

IV. THE COURT CLEARLY ERRED IN DISMISSING ORIENTA'S "SUPERIOR INTEREST" CLAIM WHERE THERE IS A FACTUAL DISPUTE............................... 8

CONCLUSION................................................................................................................ 10

CERTIFICATE OF SERVICE ....................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*4 Pillar Dynasty LLC v. N.Y. & Co., Inc.*,
 933 F.3d 202 (2d Cir. 2019) .................................................................................................. 5

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................................................... 2, 3

*Caplin & Drysdale*,
 491 U.S. at 622, S.Ct. 2646 ............................................................................................. 9, 10

*New Hampshire v. Maine,*
 532 U.S. 742 (2001) ......................................................................................................... 5, 6

*Parklane Hosiery Co. v. Shore*,
 439 U.S. 322,  99 S.Ct. 645, 58 L.Ed.2d 552 (1979) ............................................................ 10

*U.S. v. Chandler*,
 No. 1:18-CR-00079.2019 WL 1427556 (W.D.N.C. March 29, 2019) ..................................... 8

*U.S. v. Chowaiki*,
 369 F. Supp. 3d 565 (S.D.N.Y. 2019) ..................................................................................... 4

*U.S. v. Glenn*,
 No. CR–10–084–RAW, 2012 WL 3775965 (E.D.Ok. Aug. 28, 2012) .................................... 8

*U.S. v. Mendez*,
 No. 07-CR-107 (ARR), 2008 WL 3874318 (E.D.N.Y. Aug. 19, 2008) .................................... 4

*U.S. v. Okonkwo*,
 NO: 6:14–cr–5–Orl–40GJK, 2016 WL 6984273 (M.D.Fla. Nov., 29, 2016) .......................... 8

*U.S. v. One (1) Mercedes*,
 651 F.Supp. 351 (S.D.Fla. 1987) ........................................................................................ 7, 8

*U.S. v. Rodriguez-Perez*,
 No. S38 10 CR 905-LTS, 2019 WL 188400 (S.D.N.Y. Jan. 11 2019) .................................... 3

*U.S. v. Sarabia-Ramirez*,
 No. 1:14-cr-00226 2019 WL 1493338 (E.D.Cal. April 4, 2019) ............................................. 8

*U.S. v. Simmons*,
 No. 17-CR-127 (KMW), 2019 WL 3532113 (S.D.N.Y. Aug. 2, 2019) .................................... 4

*U.S. v. Southland*,
 No. 5:04-CR-345 (NAM), 2006 WL 1007656 (N.D.N.Y. Apr. 18, 2006) ............................... 4

*U.S. v. U.S. Currency, in the Amount of $103,387.27*,
 863 F.2d 555 (7th Cir. 1988) ............................................................................................. 7, 8

*U.S. v. Vithidkul*,
 No. DKC 12–624, 2014 WL 1515130 (D.Md. April 16, 2014) ............................................... 8

*United States v. Capoccia*,
    503 F.3d 103 (2d Cir. 2007) ........................................................................................ 9

*United States v. Daugerdas*,
    892 F.3d 545, 552 (2d Cir. 2018) ................................................................. 2, 3, 7, 10

*United States v. Kirschenbaum*,
    156 F.3d 784 (7th Cir. 1998) ..................................................................................... 10

*United States v. Mondragon*,
    313 F.3d 862 (4th Cir. 2002) ....................................................................................... 2

*United States v. Watts*,
    786 F.3d 152 (2d Cir. 2015) ..................................................................................... 2, 9

*Willis Management (Vermont), Ltd. v. U.S.*,
    652 F.3d 236 (2d Cir. 2011) ...................................................................................... 2, 3

### Statutes

21 U.S.C. § 853(n)(3)-(6) ....................................................................................................... 4

### Other Authorities

12 Wright & Miller, Federal Practice And Procedure § 3242 (2d ed. 1997) ................................. 2

### Rules

Fed. R. Civ. P. 8(a)(2) ............................................................................................................... 3

Federal Rule of Criminal Procedure 32.2(b)(1) ....................................................................... 9

Federal Rule of Criminal Procedure 32.2(b)(1)(A) .................................................................. 9

Federal Rules of Civil Procedure 12(b)(6) ........................................................................... 2, 4

Federal Rules of Civil Procedure Rule 32.2(c)(1)(A) ............................................................... 2

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions
    Rule G ............................................................................................................................ 2

In an effort to defend the indefensible, the Government continues to take the position that the criminal forfeiture statute creates a different and heightened pleading standard than mandated by the Federal Rules of Civil Procedure. The Government's position ignores binding Second Circuit controlling authority that says just the opposite. The Government then inexplicably claims to read this Court's mind, stating that this Court would have dismissed Orienta's bona fide purchaser ("BFP") claim even if it had not applied the heightened pleading standard. The Government does not know what this Court would have done had it applied the correct pleading standard. Under the proper liberal pleading standard, Orienta stated a BFP claim.

The Government again uses its mind-reading abilities, stating this Court's review of Orienta's judicial estoppel argument was not hasty even though the 25-page dismissal order only mentions in passing that Orienta made an argument regarding inequities. Only this Court knows whether it adequately considered Orienta's judicial estoppel argument—if it did not, it may grant the motion to alter or amend and to reconsider. Moreover, given the Government's incorrect and misleading arguments, and the inequities created by the Government, this Court may indeed believe this argument should be reconsidered.

The Government also incorrectly claims that Orienta's petition cannot be amended and must be dismissed with prejudice because the amendment is outside the 30-day deadline for filing a petition even though Orienta is an innocent property owner and victim. This is neither the general rule nor the rule in the Second Circuit.

The Government claims that this Court did not resolve any factual dispute in dismissing Orienta's superior interest claim. However, the Court looked outside the pleadings and essentially transformed the Government's motion into one for summary judgment without an opportunity for

1

Orienta to conduct discovery. Finally, as set forth herein, and contrary to the Government's claim, Orienta fully met the requirements for a motion to alter or amend.

**I.    CLEAR ERROR TO DISMISS BONA FIDE PURCHASER FOR VALUE CLAIM.**
*No Heightened Pleading Standard Under Controlling Law.*

Even when faced with undeniably controlling authority from the Second Circuit, the Government continues to claim that a heightened pleading standard must be applied to Orienta's BFP claim.[1] But, the Second Circuit has made clear that it applies the liberal pleading standard in ancillary forfeiture proceedings.

The Second Circuit set forth the correct pleading standard in *United States v. Daugerdas*, 892 F.3d 545, 552 (2d Cir. 2018), stating:

> On a motion to dismiss, a § 853(n) petition is evaluated on the same standard as a civil complaint on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015). Thus, we take all factual allegations alleged in the petition to be true, Rule 32.2(c)(1)(A), but we need not do the same for legal conclusions, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Likewise, in *Willis Management (Vermont), Ltd. v. U.S.*, 652 F.3d 236, 241-42 (2d Cir. 2011), the Court applied the same standard.

---

[1] To support this position, the Government references Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which governs civil forfeiture actions in rem. The Government specifically cites to Supplemental Rule G(2)(f)'s requirement that in a civil forfeiture complaint, **the government** must "state sufficiently detailed facts to support a reasonable belief that [it] will be able to meet its burden of proof at trial." (Dk 261 at 7). What the Government conveniently leaves out in citing to *United States v. One Gulfstream G–V Jet Aircraft*, 941 F. Supp. 2d 1 (D.D.C. 2013), is the explanation for imposition of a "more exacting" standard **on the government** in civil forfeiture cases:

> This heightened particularity requirement is designed to guard against the improper use of seizure proceedings and ***to protect property owners against the threat of seizure upon conclusory allegations***. *See United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002); *see also* 12 Wright & Miller, Federal Practice And Procedure § 3242 (2d ed. 1997) (noting that the supplemental rules "require[ ] a more particularized complaint than is demanded in civil actions generally," and that "added specifics is thought appropriate ***because of the drastic nature of those remedies***").

So, the Government cites to a rule intended to protect property owners in civil forfeiture cases **against the government** to create a higher burden on property owners **in favor of the government**.

Recognizing that both *Daugerdas* and *Willis* cite *Iqbal*, the Government, quoting *Iqbal*, states that this only means that a court must take all factual allegations alleged in the petition to be true. (Dk 261 at 6.) The Government ignores that *Iqbal* applies Federal Rule of Civil Procedure 8(a)(2), stating: "[A] pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678-79. The Government wants this Court to believe that, when the Second Circuit relied on *Iqbal* in *Daugerdas* and *Willis*, it was only relying on the parts of *Iqbal* that help the Government, not *Iqbal's* liberal pleading standard.

This of course is not the case, as shown by the Southern District of New York's recent application of the liberal pleading standard in an ancillary forfeiture proceeding. *See U.S. v. Rodriguez-Perez*, No. S38 10 CR 905-LTS, 2019 WL 188400 *3 (S.D.N.Y. Jan. 11 2019) ("In determining whether a petitioner has set forth the 'short and plain statement of the claim showing that [he is] entitled to relief' required by the Federal Rules of Civil Procedure (*see* Fed. R. Civ. P. 8(a)(2) ), the Court looks to whether the allegations in the petition establish the 'facial plausibility' of the petitioner's claims.") (quoting *Iqbal*, 556 U.S. at 678-79). Notably, the Government cites no case within the Second Circuit that applies a heightened pleading standard.

### B.     *Orienta's Petition Meets the Liberal Pleading Standard.*

Lacking confidence in its heightened pleading argument, the Government speculates that this Court would have dismissed Orienta's BFP claim even if it had not applied the heightened pleading standard. (Dk 261 at 9). However, Orienta petition clearly presented a "short and plain statement" of the claim.

Both in its Petition and throughout this case, Orienta repeatedly alleged that it purchased an interest in the Asset for value and without knowledge of any of Swartz's criminal conduct or possible forfeiture, and held a security interest in 100% of the Asset through secured notes, which is enough to survive a motion to dismiss. (Dks 43 at 1, 3, 8-9, 13, and attachments; 83 at 2, 3, 10,

3

12, 17-18, and attachments; 84 at 1, 2, 10, 12, 17-18, and attachments; 103; 112 at 9-11, 14-19; 119, 135 at 4; 137 at 9-13; 253 at 8; 253-1 (Kessler Decl. and exhibits)). Indeed, as set forth in the Petition (and Corrected Petitions) themselves:

> Orienta can satisfy the requirements under 21 U.S.C. § 853(n)(3)**-(6)** and asks the Court to amend its preliminary forfeiture order. . . . Orienta has set forth the nature and extent of its right or interest in the subject property as a secured investor ***and victim of defendant Swartz' fraudulent conduct***.

(Dks 43 at 13; 83 at 18; 84 at 18 (emphasis added.)).

The Government bore the burden to show Orienta did not sufficiently plead an interest in the Asset, which it did not do. *U.S. v. Mendez*, No. 07-CR-107 (ARR), 2008 WL 3874318, at *7 (E.D.N.Y. Aug. 19, 2008). Other courts have found that much less than what was pleaded here survives the liberal pleading standard under Rule 12(b)(6). *See, e.g.*, *U.S. v. Chowaiki*, 369 F.Supp.3d 565, 576-77 (S.D.N.Y. 2019) (petitioner's allegations that it provided a satisfaction of debt in exchange for works of art enough to satisfy Rule 12(b)'s pleading standards); *U.S. v. Southland*, No. 5:04-CR-345 (NAM), 2006 WL 1007656, at *5 (N.D.N.Y. Apr. 18, 2006) (petitioner sufficiently alleged BFP status, although the claim neglected to use the words "bona fide purchaser" or cite to BFP statutory provision, but instead only alleged that the petitioner owned the vehicle and the convicted defendant did not have any interest in the vehicle, because the petitioner "may be able to establish he reasonably believed the [property] was not subject to forfeiture, and that he was therefore a bona fide purchaser for value"); *cf. U.S. v. Simmons*, No. 17-CR-127 (KMW), 2019 WL 3532113, at *6 (S.D.N.Y. Aug. 2, 2019) (suggesting that a "Dissolution Agreement . . . entered into at arm's length" in exchange for property would plausibly allege that the plaintiff was a BFP).

4

## II. THE COURT CLEARLY ERRED IN ALLOWING THE GOVERNMENT TO ARGUE ORIENTA DID NOT STATE A CLAIM FOR BONA FIDE PURCHASER.

The Government completely ignores the facts and legal support asserted by Orienta's well-founded position that the government is judicially estopped from claiming that Orienta failed to state a valid BFP claim in its claim petition. Orienta established the existence of the three factors that cause the application of the doctrine of judicial estoppel: (1) a party's new position is "clearly inconsistent" with its earlier position, (2) the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *See New Hampshire v. Maine,* 532 U.S. 742, 750-51 (2001).

The Government claims that this Court may not reconsider the judicial estoppel argument because it adequately considered the argument when it granted the motion to dismiss. (Dk 261 at 11.) However, respectfully, Orienta does not believe this is true. While this Court mentioned that Orienta complained "that the Government's renewed request for dismissal is inequitable and prejudicial" (Dk 259 at 15), it did not address the argument. This Court "may reconsider a hastily-made earlier ruling if, upon revisiting the non-prevailing party's arguments, the court concludes that it erred." *4 Pillar Dynasty LLC v. N.Y. & Co., Inc.*, 933 F.3d 202, 217 (2d Cir. 2019).

The facts and procedural history make clear that the Government (1) for years took the position that Orienta stated a BFP claim, (2) consciously withdrew a challenge to Orienta's BFP allegations by acknowledging that factual disputes in this case precluded resolution on the pleadings, and (3) ***avoided entry of a temporary restraining order in Orienta's favor by acknowledging Orienta's BFP claim***. (Dks 132 at 11, 12, 14, 19, 20 n.4; 187). The Government also convinced this Court that an interlocutory sale was necessary because protracted discovery on Orienta's claims, including the BFP claim, needed to proceed and that, following discovery, the

5

parties would file their respective summary judgment motions. (Dks 120, 136 at 5, 11-12; 187 at 24-25). The Court accepted the Government's earlier position that Orienta stated a BFP claim in its orders (1) denying Orienta's motion for a temporary injunction, (2) granting the Government's interlocutory sale motion, and (3) granting the Government's request that the Court permit discovery on the grounds that, according to the Government's affidavit "***discovery is necessary*** to resolve Petitioner's claim to its ownership interest in the proceeds of the sale of the [Asset], ***which is a disputed issue of fact in this proceeding***." (Dks 187 at 24-25; 251 (Text Order Staying Discovery) (emphasis added)). All of this was unfairly done by the Government to Orienta's detriment under the Government's firm stance that Orienta alleged a BFP claim—even though Orienta is an innocent party that has litigated this case for years, expending significant costs.

The Government claims that *New Hampshire* "says more than the cherry-picked arguments" Orienta presents, asserting "the Supreme Court analyzed judicial estoppel not in terms of statements but in terms of arguments, claims, and theories." (Dk 261 at 10.) The Government claims that judicial estoppel is "not to be applied for every statement a litigant makes, but, instead, is to be applied to thwart changing substantive arguments and positions which, if allowed to be contradicted, would lead to contradictory rulings which would threaten judicial integrity." (Dk 261 at 11.) However, Orienta abundantly set forth more than the Government's mere "statements"—Orienta set forth specific arguments the Government made in support of and in opposition to motions. (Dks 117, 132 at 11, 12, 14, 19, 20 n. 4; 136 at 5, 11-12). The Court then granted the Government relief based on those arguments and claims.

**III.   THE COURT CLEARLY ERRED IN DISMISSING ORIENTA'S PETITION WITH PREJUDICE.**

The Government also argues that the forfeiture statute does not permit amendment of petitions and that petitions filed after the 30-day deadline must be dismissed. The Government

6

ignores the fact that this Court denied the Government's motion to dismiss the Swartz Family Trust Petition filed five and half months after the 30-day deadline in this very case!

Respectfully, disallowing amendment of petitions and dismissal of petitions after the 30-day deadline is neither the general rule nor the rule in the Second Circuit. In *Daugerdas*, the Second Circuit found the petition did not contain sufficient plausible allegations to sustain the petitioner's position but noted that, at oral argument, she claimed to be able to plead additional facts. 892 F.3d at 547. The Court allowed her to amend the petition, which obviously occurred far outside of the 30 days. *Id.* at 558.

The Government attempts to distinguish *Daugerdas* on its facts.[2] While the facts in *Daugerdas* are different, the only fact about *Daugerdas* that matters for this purpose is the fact that the Second Circuit recognized that petitions may be amended well outside the alleged 30-day deadline posited by the Government.

Additionally, the Government completely ignores the long line of cases holding that amendments of claim petitions after the 30-day claim deadline are allowed where the government is aware of the claimant's interest and would not be prejudiced by the late filing. *See U.S. v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555 (7th Cir. 1988) (finding the strict verification requirements of section 853(n) were not met but nonetheless allowed amendment after the 30-day period and listing a string of cases finding that amendment is proper where the government is not prejudiced). The court in that case discusses *U.S. v. One (1) Mercedes*, 651 F.Supp. 351 (S.D.Fla. 1987), which found that several factors guide courts in allowing amendment: (1) whether the claimant has advised the court and government of the claimant's interest before

---

[2] The Government asserts the *Daugerdas* court found the claim petition sufficient when in fact the court found the claim petition made factually unsupported legal claims about the government's legal theory of forfeiture. Nonetheless, the court found that as long as petitioner can "make a plausible claim" then "the Due Process Clause entitles her to do so, and it was error for the district court to suggest otherwise." *Id* at 557.

7

the claim deadline, and (2) whether the government would be prejudiced by allowing the late filing. *Id.* at 353 (citations omitted). Notably, the district court in *Mercedes* extended the time to file a claim, despite the claimant's failure to offer any reasons supporting the failure to file, because the government failed to show how it would be prejudiced by a late filing. *Id.* at 354-55.

The *U.S. Currency, in the Amount of $103,387.27* court also cited to numerous cases regarding a petitioner's good faith effort to comply with the forfeiture statute, and held that "where the putative claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture, courts will grant extensions of time, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances." 651 F.Supp. at 562.[3]

Here, the mere fact that the Government acknowledged Orienta's BFP claim in its first motion to dismiss and later withdrew its motion—and thus, further acknowledging the factual basis for Orienta's BFP claim—more than sufficiently establishes the Government's knowledge and lack of prejudice. While Orienta strongly believes it stated a claim, if this Court still disagrees, it should, at minimum, permit amendment of the petition.

**IV.   THE COURT CLEARLY ERRED IN DISMISSING ORIENTA'S "SUPERIOR INTEREST" CLAIM WHERE THERE IS A FACTUAL DISPUTE.**

In dismissing Orienta's superior interest claim, the Court looked outside the pleadings and essentially transformed the Government's motion into one for summary judgment without an

---

[3] Numerous other district courts throughout the country follow suit. *U.S. v. Sarabia-Ramirez*, No. 1:14-cr-00226, 2019 WL 1493338 at *1 (E.D.Cal. April 4, 2019) (granting leave to amend out-side of 30 days where petitioner did not state a claim); *U.S. v. Chandler*, No. 1:18-CR-00079.2019 WL 1427556 at *4 (W.D.N.C. March 29, 2019) (petitioner's given numerous opportunities to amend petition for technical violations outside of 30 days); *U.S. v. Okonkwo*, NO: 6:14–cr–5–Orl–40GJK, 2016 WL 6984273 at *5 (M.D.Fla. Nov., 29, 2016) (dismissing with leave to amend out-side of 30 days where petitioner did not state a claim); *U.S. v. Vithidkul*, No. DKC 12–624, 2014 WL 1515130 at *1, *2 (D.Md. April 16, 2014) (Petitioner permitted to amend outside of 30 days where petition devoid of factual detail and permitted to amend a second time to cure failure to verify); *U.S. v. Glenn*, No. CR–10–084–RAW, 2012 WL 3775965 at *2 (E.D.Ok. Aug. 28, 2012) ("there is no clear rule on whether or not to allow a petitioner to amend beyond the thirty-day period provided in § 853(n)(2)").

opportunity for Orienta to conduct discovery, which, respectfully, is not proper.

The Government wrongly asserts that "the Court resolved no factual disputes when considering the criminal case record for the very simple reason that Claimant made no allegations whatsoever in its petition as to when the Government's interest vested, or that were otherwise inconsistent with the criminal record." (Dk 261 at 17.) This is a complete misstatement of Orienta's well-pled petition, which provided written documentation establishing its ownership of the Asset. Indeed, the Government has not once provided any proof to rebut Orienta's written documentation and proof.

The Government wrongly tries to claim that the date of Swartz's fraud was established in the criminal case. First, the date of Swartz's fraud is a moving target according to the Government itself. In the criminal case, the Swartz Information (Dk 2 at 1, ¶ 5) and the FBI affidavit in support of the Government's application for a restraining order (Dk 16-1 at 3, ¶ 7) both allege that Swartz's fraud began in 2009. In the Government's second motion to dismiss and in the Order granting that motion, Swartz's fraud allegedly began in 2005. (Dks 248 at 8, 9, 12, 23; and 259 at 18). In its Response, the Government now claims that the fraud began in 2002. (Dk 261 at 9 n. 8, 18-21).

Second, the Government inappropriately asks this Court to only rely on the criminal record, even where Orienta's claim petition presents countervailing factual allegations, which the Government fails to controvert. The case of *United States v. Watts*, 786 F.3d 152, 172-73 (2d Cir. 2015), explains that the underlying criminal case merely establishes that the assets are merely "potentially subject to forfeiture."[4]

---

[4] "When the government seeks to obtain an order of forfeiture, 'Federal Rule of Criminal Procedure 32.2(b)(1) ... requires the sentencing court to determine what property is subject to forfeiture under the applicable statute.' *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (*internal quotation marks omitted*) (*emphasis added*). That standard means that, among other things, 'the court must determine whether the government has established the requisite nexus between the property and the offense.' Fed. R. Crim. P. 32.2(b)(1)(A)) (emphasis added). ... Prior to that, while the government has simply announced its intent to seek forfeiture through the indictment, the property is seen merely as 'potentially forfeitable,' *Caplin & Drysdale*, 491 U.S. at 622, 109 S.Ct. 2646, or "potentially subject

9

Contrary to the Government's allegations, Orienta has never claimed that this Court could not "consider the record in the criminal case." Orienta's position is simply that, under its right to due process, it should not be bound by a proceeding in which it had no opportunity to be heard. This very point was made by the Second Circuit in *Daugerdas:*

> 'It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.' *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The Due Process Clause does not permit us to hold that a third party is precluded from asserting, in her own right, her entitlement to property she claims is hers, on the ground that she is bound by a determination that the property belonged to someone else, when that determination was made in a separate proceeding in which she was not permitted to participate.

892 F.3d at 557.

Finally, the Government completely ignores the constructive trust argument made by Orienta, presumably because Orienta is uncontrovertibly a victim of Swartz's fraud and held valid security interests in the Asset, a fact which the Government also ignored.[5]

## **CONCLUSION**

For the foregoing reasons, Orienta respectfully requests that the Court grant its motion to alter or amend or reconsider, vacate the order dismissing Orienta's petition, and order that discovery may proceed, or, in the alternative, grant Orienta leave to file an amended petition, and grant Orienta such further relief that is just and proper.

---

to forfeiture," id. at 650–51, 109 S.Ct. 646 (Blackmun, J., dissenting); *United States v. Kirschenbaum*, 156 F.3d 784, 795 (7th Cir. 1998).

Indeed, relying solely on the government's decision to seek forfeiture to conclude that a defendant's property is likely 'subject to forfeiture' contradicts the very purpose of holding a *Monsanto* hearing. As we emphasized in our final opinion in *Monsanto*, because an 'indictment ... emerges from a nonadversarial process,' restraining a defendant's property based purely on that document carries 'a substantial risk of an erroneous deprivation of a defendant's significant property interest.' 924 F.2d at 1195."

[5] Orienta raised this "intensively fact-based" colorable claim that a constructive trust should be established over the Asset in response to the Government's first motion to dismiss (Dk 112 at 17, 21-24), which the Government withdrew acknowledging the factual dispute raised by this constructive trust claim (Dk 117 at 2-3).

Dated: New York, New York
February 18, 2021

                              **AKERMAN LLP**

                              /s/ *Scott M. Kessler*
                              Scott M. Kessler
                              520 Madison Avenue, 20th Floor
                              New York, NY 10022
                              Tel.: (212) 880-3800
                              Fax: (212) 905-6411
                              Email: scott.kessler@akerman.com

                              *Attorneys for Orienta Investors, LLC*

**CERTIFICATE OF SERVICE**

I, Scott M. Kessler, certify that on February 18, 2021, a true and correct copy of the foregoing document was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

*/s/ Scott M. Kessler*
*Attorney for Orienta Investors, LLC*