UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA            Criminal No.: 5:16-cr-00264 (DNH)

v.

CHRISTOPHER M. SWARTZ,

    Defendant.

### ORIENTA INVESTORS, LLC'S STATUS REPORT

Pursuant to this Court's Text Order Setting Status Report Deadline dated June 1, 2023, Orienta Investors, LLC ("Orienta"), by and through its undersigned counsel, submits a Status Report as follows:

### BACKGROUND

On September 19, 2016, the Government filed an Information against defendant Christopher Swartz ("Swartz") alleging wire fraud in violation of 18 U.S.C. § 1343 and tax evasion in violation of 26 U.S.C. § 7201. (Dkt. 2, Information.) Swartz pleaded guilty to those counts on the same day. (Dkt. 268, 2d Cir. Order, at 8.) Swartz also consented to entry of this Court's order of forfeiture of "any and all interests" Swartz had in the Jreck Subs franchise, a chain of sandwich shops popular in Central and Northern New York. (*Id.* at 3, 8-9.) These interests included but were not limited to franchise rights, trademarks, intellectual property, and all real and intangible assets of the Jreck Subs franchise (the "Jreck Assets"). (*Id.*) The Court soon thereafter, on September 23, 2016, entered its preliminary order of forfeiture. (*Id.* at 9.) On August 4, 2017, the Court subsequently entered an amended preliminary order of forfeiture, which prompted third party claimants to file petitions asserting claims to the Jreck Assets. Among those petitions was a petition

filed by Orienta, which was timely filed on July 3, 2017 and within 30 days of the Court's amended preliminary order of forfeiture. (*Id.*; Dkt. 43)

On December 20, 2016, the Government filed a motion to dismiss Orienta's petition as well as the petitions filed by the Swartz Family Trust ("SFT"), Continental Trust Corporation Limited ("CT"), and Change Capital Partners Fund 1, LLC ("CCPF"). (Dkt. 106, First Mot. To Dismiss.) Approximately three months later, the Government replied to Orienta's response to the first motion to dismiss, admitting that all Orienta's claims needed further factual development through discovery and withdrew the motion to dismiss against Orienta. (Dkt. 117, Gov't's Reply to First Mot. to Dismiss.) The Government asked the Court to "withdraw its motion to dismiss as it pertains to Orienta, and further move[d] for an order of discovery." (*Id.* at 5.) The Court granted the Government's motion to dismiss as to SFT, CT, and CCPF.[1] (Dkt. 187 at 28.) As to Orienta, the Court held "[t]he § 853 petition filed by Orienta Investors, LLC remains for discovery." (*Id.*)[2]

The Government filed a motion for interlocutory sale and asked the Court to allow a sale of the Jreck Assets pending forfeiture proceedings. (Dkt. 120, Mot. For Interlocutory Sale.) In its Order granting the Government's first motion to dismiss, the Court also granted the Government's motion for interlocutory sale. (Dkt. 187 at 29.) The Government retained funds from the interlocutory sale. After the sale, the Government moved to dismiss Orienta's petition for failure to state a claim. (Dkt. 248.) Orienta opposed that motion, arguing that it sufficiently had stated a claim under 21 U.S.C. § 853(n)(6)(A) since it had a superior interest to the Government's interest in the Jreck Assets, and that it sufficiently had stated a BFP claim to the Jreck Assets under 21 U.S.C. § 853(n)(6)(B). (Dkt. 253.)

---

[1] With respect to CT, the Court dismissed the claim petition as moot.
[2] Later, in response to the Government's motion to permit discovery, the Court entered an Order Permitting Discovery, finding that "'discovery is necessary or desirable to resolve factual issues'" concerning Orienta's alleged ownership interest." (Dkt. 216 at 2.)

This Court, in an order dated January 7, 2021, rejected Orienta's arguments, dismissed Orienta's petition in its entirety without granting leave to amend, and denied a subsequent motion for reconsideration filed by Orienta. (Dkt. 259, 263.)  The Second Circuit, on May 5, 2023, vacated that Order in part and remanded the case to this Court for further proceedings. (Dkt. 268, 2d Cir. Order, at 32.)

## THE SECOND CIRCUIT OPINION AND MANDATE

On May 26, 2023, the Second Circuit issued its mandate, ordering that "the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case relating to Orienta is REMANDED for further proceedings to permit the District Court to reconsider whether Orienta should be granted leave to amend its bona fide purchaser claim." (Dkt. 269.)

The Second Circuit found that this Court's dismissal of Orienta's petition with prejudice - and refusal to permit Orienta to amend the petition because of this Court's "dispositive reliance" on § 853(n)(2)'s 30-day deadline - "was misplaced."  (Dkt. 268 at 30.)  The Second Circuit noted that the 30-day deadline for filing a third party petition claiming rights in forfeited property pursuant to 21 U.S.C. § 853 is strict but not always fatal. (*Id*.)

Rather, the Second Circuit explained that the intent of this rule is "to promote finality for the Government because if no third party files a petition within the prescribed time (or no petitioner prevails), the Government emerges with clear title to the forfeited property." (*Id.* (internal quotations omitted and quoting *United States v. Bradley*, 882 F.3d 390, 393 (2d Cir. 2018).)  The Second Circuit went on to explain that "[w]here, as here, a third party files its petition before the deadline and moves promptly to amend it, rejecting leave to amend does not always further that purpose." Citing to and relying on *United States v. Daugerdas*, 892 F.3d at 552-53 & n.7, the

3

Second Circuit held that it was appropriate to permit Orienta to amend its petition well outside the 30-day window. (*Id.* at 30-31.)

Specifically, the Second Circuit ruled that, with respect Orienta's BFP claim, "[b]ecause the District Court believed that the statutory framework categorically precluded amendment after the 30-day deadline, it does not appear to have considered whether amendment would otherwise have been proper." The Second Circuit found that Orienta timely filed its petition within the statutory 30-day period for filing its petition under § 853(n)(2), and reasoned that "[w]here, as here, a third party files its petition before the deadline and moves promptly to amend it, rejecting leave to amend does not always further that purpose. Rather, in limited circumstances, it may be appropriate to permit the petitioner to amend its petition outside the 30-day window." (*Id.* at 31-32.)

Additionally, the Second Circuit held that the "technical basis" for this Court's dismissal of Orienta's BFP claim, the Government's knowledge that Orienta intended to assert a BFP claim, and the Government's acknowledgement that "additional factual development was necessary to resolve whether Orienta's petition stated a [BFP] claim" all weighed in favor of granting Orienta leave to amend. (*See id.* at 31.) As noted in Orient's motion for leave to amend its claim petition referenced below, this holding is in keeping with a string of cases finding that amendment is proper where the government is not prejudiced.

The Second Circuit's Order in this case made it clear that, where a defect might be cured by way of an amended petition, "it is sensible to give claimants the opportunity to amend their petition to provide information to satisfy § 853(n)(3) (if they have it) and the opportunity for a hearing (if it is warranted)." (Dkt. 268 at 31-32 (*quoting Furando*, 40 F.4th at 579-80).) The Second Circuit has permitted amendment in such circumstances even where a petitioner did not

4

seek leave to amend given that there are serious due process concerns in not allowing leave to amend where a viable petition might exist. (*See Daugerdas*, 892 F.3d at 552-53 & n.7 ("... contrary to the district court's assertion that Eleanor's claim would be barred for lack of standing even if it were adequately pleaded, we conclude that if such facts exist, denying Eleanor the opportunity to present a viable petition would raise significant due process concerns")).

As set forth in the legal standard above and in the Second Circuit's decision, controlling case law and due process concerns dictate that Orienta should be granted leave to amend, given that Orienta can present a viable petition that sufficiently states a BFP claim, and given that "significant due process concerns" would arise were Orienta denied the opportunity to pursue its claim. Orienta's proposed amendment provides more than enough allegations and context to state a viable and cognizable BFP claim under 21 U.S.C. § 853(n)(6)(B).

## PROPOSED AMENDED CLAIM PETITION

Filed contemporaneously with this Status Report, Orienta filed a motion for leave to amend claim petition and attached a proposed amended claim petition. On June 14, 2023, counsel for Orienta conferred with the Government who indicated that it would oppose a motion to amend Orienta's claim petition. On August 31, counsel for Orienta provided a draft of the motion to amend and proposed amended claim petition to the Government and inquired to whether there was any opposition. Today the Government responded that it opposed Orienta's motion and would request a briefing schedule.

In its proposed amended petition, Orienta alleges plausible facts that it was a purchaser of its security interest in the Jreck Assets for value, and that Orienta was reasonably without cause to believe that the Jreck Assets were subject to forfeiture.

## CONCLUSION

It is Orienta's position that technical deficiencies raised by the Court concerning the failure to cite and reference 21 U.S.C. § 853(n)(6)(B) are cured given the repeated references to that statutory section in the proposed amended petition. There is no prejudice to the Government in allowing an amendment and that discovery should proceed on Orienta's bona fide purchaser for value claim. Accordingly, Orienta motion for leave to amend its claim petition should be granted for the reasons stated by the Second Circuit and set forth in controlling case law.

Dated: New York, New York
       September 1, 2023

**AKERMAN LLP**

By: /s/ *Scott M. Kessler*
    Scott M. Kessler
    1251 Avenue of the Americas, 37 Floor
    New York, NY 10020
    Tel.: (212) 880-3800
    Email: scott.kessler@akerman.com

    *Attorneys for Orienta Investors, LLC*